IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MALIK BEY** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. PWG 13 CV 1562 |
| ) | JURY TRIAL DEMANDED |
| **SHAPIRO BROWN & ALT, LLP** et al ) | |
| **Substitute Trustees** ) | |
| ) | |
| Defendant, ) | |
| ) | |
| **NEW YORK COMMUNITY BANK** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, Malik Bey, (hereafter the "Plaintiff") and for his complaint against the Defendants Shapiro Brown & ALT, LLP et al, Substitute Trustees ("Trustees" or "Shapiro Brown") and New York Community Bank ("NYCB") alleges as follows:

## JURISDICTION & VENUE

1. The jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Venue in this District is proper in that Defendants transacts business here and the conduct complained of occurred here.

## PRELIMINARY STATEMENT

2. This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

1

("FDCPA"), the Maryland Consumer Debt Collection Act ("MCDCA") and Maryland Consumer Protection Act ("MCPA").

## PARTIES

3. The plaintiff is a natural person and resides in Upper Marlboro, Maryland. He is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

4. Shapiro Brown is a "debt collector" within the meaning of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692a(6) in that it regularly collects debts owed to another.

5. NYCB is a savings bank that primarily provides banking services to the state of New York.

## FACTS

6. On or about February 17, 2006 Mr. Bey obtained a mortgage loan from Nationwide Mortgage Services, LLC to purchase residential property located at 6801 McCormick Road, Upper Marlboro, Maryland ("Property"). The loan was evidenced by a promissory note ("Note") and secured by a Deed of Trust ("Deed").

7. Thereafter, Ohio Savings Bank became the purported servicer, holder of the note and/or owner/lender of the mortgage loan.

8. At some point following Ohio Savings Bank purported acquisition of the mortgage loan, NYCB began requesting payment be submitted to it.

9. Mr. Bey requested NYCB substantiate that it was legally entitled to collect payment on the Note.

10. NYCB was unable to provide documentation to Mr. Bey that it was entitled to enforce the note. To the contrary, NYCB provided Mr. Bey with a purported copy of the Note that was endorsed to Ohio Savings Bank. The endorsement was made on a purported allonge to the Note.

11. Based on the copy of the Note that NYCB provided to Mr. Bey, it was not entitled to enforce the Note. Accordingly, Mr. Bey stopped making payments to NYCB.

12. Rather than provide Mr. Bey with sufficient documentation that it was entitled to enforce the Note, NYCB threatened to foreclose on the Property.

13. At some point in 2011 NYCB referred the mortgage loan to Shapiro Brown (fka as Shapiro & Burson).

14. Shapiro Brown sent several correspondences to Mr. Bey threatening to begin foreclosure proceedings if Mr. Bey did not cure the alleged default.

15. Just as Mr. Bey requested documentation from NYCB regarding its authority to enforce the Note, Mr. Bey requested the same documentation from Shapiro Brown.

16. In response to Mr. Bey's request, Shapiro Brown provided the same copy of the Note that was endorsed to Ohio Savings Bank.

17. Eventually, Shapiro Brown served a foreclosure Order to Docket on Mr. Bey. The process server filed an Affidavit indicating that he posted the Order to Docket on the property on May 27, 2011 and sent it by certified mail on May 29, 2011.

18. The Order to Docket contained the same copy of the Note endorsed to Ohio Savings Bank and an Affidavit by a NYCB senior foreclosure specialist affirming that attached copy of the Note was a true and accurate copy.

19. According to the documents filed by Shapiro Brown and sworn to by NYCB, only Ohio Savings Bank could qualify as the "holder" of the Note. Nevertheless, Shapiro Brown filed an Appointment of Substitute Trustee stating NYCB was the "holder."

20. The Appointment of Substitute Trustee did not convey any rights to Shapiro Brown, which it was aware of because it filed the copy of the Note demonstrating that NYCB was not the "holder." Therefore, Shapiro Brown assertion of rights to foreclosure was illegal.

21. The Order to Docket also contained a Statement of Debt and Affidavit of Default. The Statement of Debt overstated the amount of the debt as being $489,556.07 and misrepresented NYCB as the holder of the Note, while the Affidavit of Default misrepresented the date of default as April 2, 2011. Both documents were signed by Lila Z. Stitely, who purported to be an attorney for both Shapiro Brown and NYCB.

22. After receiving notice of the foreclosure action Mr. Bey again requested documentation that NYCB had authority to appoint Shapiro Brown to initiate the foreclosure action.

23. On June 19, 2012 Shapiro Brown issued a letter on behalf of NYCB that was enclosed with a copy of the Note, which contained a second allonge that was endorsed by Christine Ackley, as Attorney in Fact for FDIC—receiver of Ohio Savings Bank. The endorsee was New York Community Bank. A second endorsement on the allonge was endorsed in blank by Ackley as authorized agent for NYCB.

24. Ackley's signature on the second endorsement varied significantly from the signature on the first endorsement. Upon information and belief the purported signatures of Ackley were perjured.

25.     Furthermore, the allonge referred to a Note dated February 17, 2005. Someone crossed thru the year 2005 and hand wrote 2006. The alteration was initialed by some unidentifiable person and appears not to be Ackley's initials. Also, the allonge referred to a Loan # 5104415 that was crossed thru with 5104115 handwritten next to it. This alteration was also initialed by some unidentifiable person and appears not to be Ackley's initials.

26.     Mr. Bey responded with a letter dated June 25, 2012 in which he requested several documents and an opportunity to inspect the original Note.

27.     On July 12, 2012 Shapiro Brown issued another letter enclosed with the same copy of the Note from the June 19th letter. Shapiro Brown also indicated that it would make the original Note available to Mr. Bey for inspection at some time in the future.

28.     In or about October 2011 Shapiro Brown invited Mr. Bey to inspect the original Note. The purported original Note was markedly different from both earlier versions of the Note that NYCB and Shapiro Brown represented as being true and accurate copies.

29.     The purported original Note had 5104115 handwritten on it, had several additional endorsements on the first allonge, and none of the markings and initials on the second allonge that appeared in the prior version of the Note. Ackley's purported signatures on this latest version of the Note is patently different than Ackley's purported signature on the prior version of the Note. Upon information and belief all three versions of the Notes contain perjured signatures and none of the allonges were affixed to the Note.

### COUNT ONE: VIOLATIONS OF THE FDCPA

30.     Plaintiff realleges and incorporates paragraphs 1 through 29 above as if fully set out herein.

31. By threatening to foreclose and sale the Property without a right to such actions, Defendant Shapiro Brown violated 15 U.S.C. §§1692f(6) and 1692e(5).

32. By misrepresenting the copy of the Note submitted in the Order to Docket was a true and accurate copy of the Note, Defendant Shapiro Brown violated §1692e.

33. By misrepresenting the copy of the Note submitted in the Order to Docket established NYCB could enforce the Note, Defendant Shapiro Brown violated §1692e.

34. By overstating the amount of the debt that could be due to NYCB under the terms of the Note. Mr. Bey had no obligation to pay NYCB because it could not establish that it was a holder of the Note. Mr. Bey tendered payment on the condition that NYCB provide documentation that it could enforce the Note. Therefore, Mr. Bey is not liable for any interest on the loan following NYCB failure to show it was entitled to enforce the Note.

35. As a result of the foregoing violations Mr. Bey feared losing his home and incurred pecuniary costs trying to defend himself against Defendant's unlawful foreclosure attempt, as well as he endured severe emotional distress dealing with the Defendant's attempt to take his home.

36. Defendant's violating acts were the proximate cause of Plaintiff's injuries, consequently the Defendant is liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. §1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

### COUNT TWO: VIOLATIONS OF MCDCA

37. Plaintiff realleges and incorporates paragraphs 1 through 36 above as if fully set out herein.

38. Plaintiff received a mortgage loan, which is a "consumer transaction" within the meaning of the MCDCA, §14-201(c). Defendants Shapiro Brown and NYCB attempted to the collect on the Debt arising out of that loan and are "collectors" within the meaning of MCDCA, §14-201(b).

39. Defendants NYCB and Shapiro Brown violated MCDCA, §14-202(8) by threatening, claiming and attempting to foreclose on the Property with knowledge that it had no right to foreclose.

40. As a result of the foregoing violation Mr. Bey feared losing his home and incurred pecuniary costs trying to defend himself against Defendant's unlawful foreclosure attempt, as well as he endured severe emotional distress dealing with the Defendant's attempt to take his home.

41. Defendants' conduct were the proximate cause of Plaintiff's injuries, rendering Defendant's liable for actual damages in an amount to be determined by the jury pursuant to MCDCA, §14-203.

### COUNT THREE: VIOLATIONS OF MCPA

42. Plaintiff realleges and incorporates paragraphs 1 through 41 above as if fully set out herein.

43. Defendants NYCB and Shapiro Brown are "persons" within the meaning of the MCPA, §13-101(h) and Plaintiff is a "consumer" within the meaning of MCPA, §13-101(c)(1).

44. Defendants violation of MCDCA §14-202(8) is also a violation of MCPA, §13-301(14)(iii).

45. As a result of the foregoing violation Mr. Bey feared losing his home and incurred pecuniary costs trying to defend himself against Defendant's unlawful foreclosure attempt, as well as he endured severe emotional distress dealing with the Defendant's attempt to take his home.

46. Defendants' conduct were the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages in an amount to be determined by the jury pursuant to MCDCA, §13-408(a) and for attorney's fees pursuant to MCDCA, §13-408(b).

**TRIAL BY JURY IS DEMANDED.**

Dated: May 27, 2013

Respectfully submitted,

**Malik Bey**

_____
Malik Bey
6801 McCormick Rd
Upper Marlboro, MD 20772
(202) 368-7733
*Pro Se Plaintiff*