# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **MALIK BEY,** | * |
| Plaintiff, | * |
| v. | * Civil Case No.: PWG-13-1562 |
| **SHAPIRO BROWN & ALT, LLP,** *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum Opinion resolves three related filings:

(1) Defendant New York Community Bank's ("NYCB") Motion to Dismiss, ECF No. 17, and supporting Memorandum ("NYCB's Mem."), ECF No. 17-1; Plaintiff Malik Bey's Response ("Pl.'s NYCB Opp'n"), ECF No. 22; and NYCB's Reply, ECF No. 24;

(2) Defendant Shapiro Brown & Alt, LLP's ("SBA") Motion to Dismiss, ECF No. 20, and supporting Memorandum ("SBA's Mem."), ECF 20-1; Plaintiff's Response ("Pl.'s SBA Opp'n"), ECF No. 23; and SBA's Reply, ECF No. 27; and

(3) Plaintiff's Motion to Strike SBA's Reply or, in the Alternative, to File a Surreply, ECF No. 28.

A hearing is unnecessary in this case because the issues adequately are presented on the filings. *See* Loc. R. 105.6. For the reasons explained below, Defendants' motions to dismiss both will be GRANTED. Plaintiff's Motion to Strike or, in the Alternative, to File a Surreply will be DENIED.

## I. BACKGROUND

For purposes of considering Defendants' motions, this Court accepts the facts that Plaintiff alleged in his *pro se* Complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). In February 2006, Plaintiff purchased his property after executing a promissory note (the "Note") for a mortgage from Nationwide Mortgage Services, LLC, secured by a Deed of Trust. Am. Compl. ¶ 6, ECF No. 15. The Note provides: "I understand that Lender may transfer this Note." Note 1, ¶ 1, SBA's Mem. Ex. C, ECF No. 20-4.[1] Another relevant section of the Note provides:

> I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

*Id.* at 4, ¶ 10.

The Note was transferred from Nationwide Mortgage Services, LLC to Ohio Savings Bank, Am. Compl. ¶ 7, which changed its name in 2007 to AmTrust Bank, *see History of (FDIC #: 29776) in Cleveland, OH*, Fed. Deposit Ins. Corp. (Dec. 4, 2009), http://research.fdic.gov/bankfind/detail.html?bank=29776&na.[2] AmTrust Bank subsequently was operated as NYCB, following a transfer supervised by the FDIC. *Id.*

---

[1] The Note itself is "integral to and explicitly relied" upon by the Amended Complaint and properly is considered in resolving a motion to dismiss. *See Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *HQM, Ltd. v. Hatfield*, 71 F. Supp. 2d 500, 502 (D. Md. 1999). Plaintiff challenges the endorsements to the Note, but does not challenge the authenticity of the Note itself.

[2] Matters of public record properly may be considered in resolving a motion to dismiss. *See Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (quoting *B.H. Papasan v. Allain*, 478 U.S. 265, 283 (1986)).

When Plaintiff first received requests from NYCB for payments on the Note, he asked for documentation establishing NYCB's right to collect. Am. Compl. ¶ 9. NYCB responded by providing a copy of the Note, endorsed to Ohio Savings Bank. *See id.* ¶ 10. Plaintiff did not consider this sufficient evidence of NYCB's right to collect and refused to make payments. *See id.* ¶¶ 10–11.[3] Based on Plaintiff's refusal to pay, NYCB retained SBA in 2012 to begin foreclosure proceedings. *Id.* ¶¶ 12–14.

When SBA contacted Plaintiff with regard to the foreclosure, Plaintiff requested that SBA also provide proof of its right to foreclose on the mortgage. *Id.* ¶ 16. SBA provided a copy of the Note endorsed to Ohio Savings Bank. *Id.* In May 2012, SBA began foreclosure proceedings by serving Plaintiff with an Order to Docket by posting it on the property on May 27, 2012 and mailing it to Plaintiff on May 29, 2012. *Id.* ¶ 17. The Order to Docket attached a copy of the endorsed Note, authenticated by an affidavit. *Id.* ¶ 18.

After receiving notice of the foreclosure, Plaintiff requested from SBA "documentation [demonstrating] that NYCB had authority to appoint [SBA] to initiate the foreclosure action." *Id.* ¶ 22. This time, the Note sent by SBA contained a second endorsement, in which a single signatory endorsed the mortgage to the FDIC as receiver for Ohio Savings Bank and then from the FDIC to NYCB. *Id.* ¶ 23. According to Plaintiff, the signature on this second endorsement varied significantly from the signature purporting to be from the same person on the first endorsement and, therefore, the signatures "were perjured." *Id.* ¶ 24. Plaintiff then requested to inspect the original Note; having done so, Plaintiff alleges that the Note was "markedly different" because the related endorsement contained no handwritten alterations. *Id.* ¶¶ 28–29.

---

[3] The record does not indicate that Plaintiff was making payments to Ohio Savings Bank, or any other entity, during this time.

Plaintiff filed his original *pro se* Complaint in this Court on May 30, 2013. Compl., ECF No. 1. Following NYCB's first Motion to Dismiss, ECF No. 11, Plaintiff filed an Amended Complaint, ECF No. 15, pursuant to Fed. R. Civ. P. 15(a)(1)(B). Plaintiff's three-count Amended Complaint alleges (1) a claim against SBA for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692f(6), 1692e(5); (2) claims against SBA and NYCB for violations of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-202(8); and (3) a claim against NYCB for violations of the Maryland Consumer Protection Act ("MCPA"), Com. Law § 13-301(14)(iii).

NYCB and SBA filed motions to dismiss on August 15, 2013 and August 28, 2013, respectively. Plaintiff timely filed oppositions. NYCB filed its Reply on September 17, 2013 and SBA filed its Reply four months later, on January 23, 2014. Plaintiff then filed a Motion to Strike SBA's Reply or, in the alternative, to File a Surreply. The issues are presented adequately in Plaintiff's motion and it is unnecessary to wait for SBA's response.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This Rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

4

Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing the standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. When ruling on such a motion, the Court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

That said, "'factual allegations must be enough to raise a right to relief above a speculative level.'" *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 472–73 (D. Md. 2009) (quoting *Twombly*, 550 U.S. at 545). Particularly, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Additionally, a plaintiff fails to state a claim where the allegations on the face of the complaint show that an affirmative defense would bar any recovery. *Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (citing Fed. R. Civ. P. 8(c)); *see Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (noting that dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.").

Plaintiff is proceeding *pro se* and his complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from

pleading a plausible claim. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)). As stated by the Fourth Circuit,

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992) (per curiam).

"Matters outside of the pleadings are generally not considered in ruling on a Rule 12 motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). However, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiff[] do[es] not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (emendations in original)). In the Fourth Circuit, documents referenced and relied upon by the plaintiff can be considered without converting a motion to dismiss into a motion for summary judgment. *See Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *HQM, Ltd. v. Hatfield*, 71 F. Supp. 2d 500, 502 (D. Md. 1999).

### III. DISCUSSION

#### A. Motion to Strike

Plaintiff moves to strike SBA's Reply on the grounds that SBA improperly (1) added additional facts to explain the transfer of the mortgage and (2) argued that the allegedly perjured endorsements are not material. Mot. to Strike 1–2 (quoting SBA's Reply 3). Arguments raised for the first time in reply generally should not be considered without affording the opposing

party an opportunity to respond, *see Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 512 n.8 (D. Md. 2009), but none of the material Plaintiff refers to is new. The explanation of the transfer of the Note provided in SBA's Reply is the same as in SBA's opening memorandum. *Compare* SBA's Reply 1–2, 4–6, *with* SBA's Mem. 2–3, 5, 7, 11. Additionally, SBA's materiality argument is raised extensively in its opening memorandum. *See* SBA's Mem. 11–12 ("Plaintiff's allegations of missing endorsements are not material, and do not involve a false representation or deceptive means to collect a debt."). Therefore, Plaintiff's Motion to Strike or, in the Alternative, to File a Surreply, will be DENIED.

### B. Fair Debt Collection Practices Act (FDCPA)

Plaintiff's sole federal claim is brought against Defendant SBA for violations of the FDCPA, 15 U.S.C. §§ 1692f(6), 1692e(5). Section 1692f(6) prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest." Section 1692e(5) prohibits, in connection with debt collection, "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."

*1. Trigger for the One-Year Statute of Limitations*

SBA argues that Plaintiff's claims are time-barred, contending that the first communication of SBA's intent to collect on the Note triggered the statute of limitations. *See* SBA's Mem. 8–9. FDCPA claims must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k. Citing the Amended Complaint, SBA argues that Plaintiff corresponded with Defendants regarding the potential foreclosure before the foreclosure action was filed on May 15, 2012. SBA's Mem. 8–9. Therefore, according to SBA, any violation occurred prior to May 15, 2012, more than one year before Plaintiff filed his original Complaint

7

on May 30, 2013, or at the latest, when the foreclosure complaint was served on May 29, 2012. *Id.*; SBA's Reply 8. In opposition, Plaintiff argues that the statute of limitations was triggered when he *received* the state foreclosure complaint, which he represents was not until after May 30, 2012. Pl.'s SBA Opp'n 5–6.

Because Plaintiff's complaint clearly establishes the merit of SBA's limitations defense, dismissal on that ground is proper. *See Jones*, 549 U.S. at 215. Although the statute of limitations may have begun to run when Plaintiff received notice of NYCB's intent to collect on the Note, the latest it was triggered was when Plaintiff was served with the foreclosure complaint on May 29, 2012. In the very case Plaintiff cites to support his position, this Court held that the date of filing or the date of service could be proper triggers for the accrual of an FDCPA claim. *Winemiller v. Worldwide Asset Purchasing, LLC*, No. RDB-09-2487, 2011 WL 1457749, at *3 (D. Md. Apr. 15, 2011) (citing *Martin v. Sessoms & Rogers, P.A.*, No. 5:09-CV-480-D, 2010 WL 3200015, at *3 (E.D.N.C. Aug. 12, 2010)). Under Maryland Law, service is complete when the foreclosure order is posted on the property and mailed to the debtor in accordance with Md. Rule 14-209, regardless of whether it yet was received. *See* Md. Rule 14-209(b).

Plaintiff acknowledges that he was served and that an affidavit of service was filed. Am. Compl. ¶ 17. The affidavit states that notice was posted on May 27, 2012 and sent by certified mail on May 29, 2012. *Id.* In neither his Amended Complaint nor his Opposition to SBA's Motion to Dismiss does Plaintiff challenge the sufficiency of the affidavit or of service of the foreclosure complaint. Therefore, service was complete on May 29, 2012, more than one year before Plaintiff commenced this action, without regard to whether Plaintiff had received the notice yet. *See* Md. Rule 14-209(b); *Dow v. Jones*, 232 F. Supp. 2d 491, 497 (D. Md. 2002) (holding that service was presumed valid where the defendant did not demonstrate a rule

8

violation, even where the affidavit contained a technical error). Consequently, Plaintiff's FDCPA claim must be dismissed. *See Jones*, 549 U.S. at 215.

*2. Continuing Violation Theory*

Regardless of when he was served with the foreclosure action, Plaintiff's claims also would be time-barred for the reasons explained in *McGhee v. JP Morgan Chase Bank, N.A.*, No. DKC-12-3072, 2013 WL 4495797, at *7 n.10 (D. Md. Aug. 20, 2013). I agree with the rule articulated by Chief Judge Chasanow of this Court, that "the limitations period for FDCPA claims commences 'from the date of the first violation, and subsequent violations of the same type do not restart the limitations period.'" *Id.* (quoting *Fontell v. Hassett*, 870 F. Supp. 2d 395, 404 (D. Md. 2012)); *see Alston v. Cavalry Portfolio Servs., LLC*, No. AW-12-3589, 2013 WL 665036, at *3 (D. Md. Feb. 22, 2013) (same); *Martin v. Sessoms & Rogers, P.A.*, No. 5:09-CV-480-D, 2010 WL 3200015, at *3–4 (E.D.N.C. Aug. 12, 2010) (citing cases) (same).

Here, the alleged FDCPA violations occurred when SBA "threaten[ed] to take any nonjudicial action to effect dispossession or disablement of property," 15 U.S.C. § 1692f(6), or "threat[ened] to take any action that cannot legally be taken," § 1692e(5). Accepting Plaintiff's facts as true, the initial alleged violation occurred when SBA threatened to foreclose on Plaintiff's property prior to filing the foreclosure action on May 15, 2012,[4] *see* Am. Compl. ¶¶ 13–14, even if Defendants continued to communicate with Plaintiff after May 30, 2012. What Plaintiff characterizes as subsequent violations are better viewed as communications regarding the first violation, not as discrete and separate violations. *See McGhee*, 2013 WL 4495797, at *7

---

[4] *See* Docket, *Burson v. Reed*, No. CAE12-14732 (Md. Cir. Ct. PG Cnty. filed May 15, 2012) (reflecting the filing of the foreclosure action against Plaintiff on May 15, 2012). The Court takes judicial notice of the dockets of the state proceedings cited in this Memorandum Opinion. *See Schultz v. Braga*, 290 F. Supp. 2d 637, 651 n.8 (D. Md. 2003) (quoting *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993)); *see also* Fed. R. Evid. 201(b).

9

n.10.  Because the alleged violation occurred the first time that Defendants threatened to collect the debt that Plaintiff believed they lacked the right to collect, the statute of limitations began to run at that time with regard to related communications.  The logical result of Plaintiff's contentions to the contrary would disincentivize creditors from attempting to resolve debts extra-judicially because each notice attempt would restart the statute of limitations.  Therefore, the FDCPA statute of limitations is not reset by each communication where (1) the subsequent communications are continued efforts to collect the same debt, *see id.*, and (2) the validity of the debt itself is not challenged, *see Reyes v. Wells Fargo Bank, N.A.*, No. 1:13-CV-547, 2013 WL 3874527, at *2 (E.D. Va. July 24, 2013)—especially when bad faith is not alleged.

Plaintiff argues that, in similar cases, some other judges in this district and elsewhere seem to have reached the opposite conclusion.  According to Plaintiff, those cases found that subsequent violations based on the same underlying debt should be viewed as separate violations of the FDCPA for statute of limitations purposes.  *See, e.g.*, *Akalwadi v. Risk Mgmt. Alts., Inc.*, 336 F. Supp. 2d 492, 501 (D. Md. 2004) (viewing separate communications as independent FDCPA violations); *Boccone v. Am. Express Co.*, No. RDB-05-3436, 2007 WL 2914909, at *4 (D. Md. Oct. 4, 2007) (same); *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000) (same); *Young v. Thieblot Ryan, P.A.*, No. ELH-11-01562, 2012 WL 6698632, at *5 n.10 (D. Md. Dec. 21, 2012) (using the date of the latest related communication for statute of limitations purposes).  In an unpublished, *per curiam* opinion, the Sixth Circuit also embraced this view.  *Purnell v. Arrow Fin. Servs., LLC*, 303 F. App'x 297, 301–03 (6th Cir. 2008).  Many cases adopting this alternative holding are inapplicable because they do not involve true continuing violations.  For example, in *Purnell*, the debt collector continued to report the plaintiff's debt to Equifax and each report was viewed as a separate violation of the FDCPA.  *See*

*id.* at 303–04. The Sixth Circuit held that "each 'failure to cease' collection activity *without having validated the debt* . . . presents a discrete claim for violation of the FDCPA." *Id.* at 304 (emphasis added). That holding does not apply where the communications are continued efforts to validate the same debt.

I have considered carefully whether this decision comports with the recent Fourth Circuit holding in *Clark v. Absolute Collection Serv., Inc.*, ---- F.3d ----, 2014 WL 341943 (4th Cir. Jan. 31, 2014) (per curiam). The Fourth Circuit reversed the district court's holding that a debt collector could require that the debtor challenge the validity of the debt in writing as opposed to challenging it verbally. *Id.* at *1. The Court held, applying ordinary methods of statutory construction, that Congress's inclusion of a writing requirement in some sections of the FDCPA and omission in others suggested that the omission was intentional. *Id.* at *3. *Clark* is inapplicable because this case involves direct statutory interpretation rather than comparative statutory construction.

Contrary to Plaintiff's argument, this decision is not inconsistent with the Congressional purpose of the law. "Congress enacted the FDCPA with the goal of eliminating abusive, deceptive, and unfair debt collection practices." *Clark*, 2014 WL 341943, at *2 (citing 15 U.S.C. § 1692(e)). But Congress imposed a restrictive statute of limitations that courts are bound to apply as a jurisdictional matter. *See Brooks-McCollum v. Aspen Prop. Mgmt. Co.*, ---- F. App'x ----, 2014 WL 57914, at *1 (4th Cir. Jan. 8, 2014). Declining to restart the statute of limitations for related subsequent communications is consistent with the statutory text, Fourth Circuit precedent, and even the legislative history, which suggests that the purpose of the FDCPA is to be effectuated "without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 95-382, at 1–2 (1977); *see* H.R. Rep. No. 95-131, at 8 (1977) ("It has been suggested by

11

some that passage of this legislation will assist people who are trying to avoid paying honest debts or, as some have chosen to call them, 'deadbeats.' The committee emphatically denies that this is the case.").

Whether the statute of limitations was triggered (1) prior to May 15, 2012 when Defendants indicated that they would foreclose on Plaintiff's property, (2) by the filing of the foreclosure action on May 15, 2012, or (3) by the service of the foreclosure complaint on May 29, 2012, "the amended complaint sets forth on its face the facts necessary to conclude that plaintiff's claims are barred by the statute of limitations." *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).[5]

### C. Maryland Consumer Debt Collection Act (MCDCA)

Plaintiff also alleges an MCDCA claim against both SBA and NYCB. Com. Law § 14-202(8) provides that a debt collector may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

NYCB and SBA move to dismiss on the ground that Plaintiff's factual allegations are insufficient to establish a violation of the MCDCA. NYCB's Mem. 5–6; SBA's Mem. 16–17.[6]

---

[5] Because Plaintiff's FDCPA claims are time-barred, I will not address in detail the remaining arguments surrounding whether Plaintiff met the pleading standard for an FDCPA action. However, it is unlikely the claims would survive a Rule 12(b)(6) motion because the "[Amended] Complaint presents no facts that plausibly draw into question Defendants' ownership over the Loan or management of Loan payments." *Reyes*, 2013 WL 3874527, at *2. When considering the Note and the endorsements relied upon in the Amended Complaint, the chain of ownership is clear and Plaintiff's bare allegations of forgery do not create a plausible claim of their own.

[6] I do not address the litigation privilege argument because, as explained below, Plaintiff failed to state a claim under the MCDCA.

In arguing that he adequately has pleaded a knowing violation, Plaintiff reframes his factual allegations. *See* Pl.'s NYCB Opp'n 3–7; Pl.'s SBA Opp'n 12–13.[7]

The MCDCA requires that "Defendants acted with knowledge as to the invalidity of the debt." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996) (internal quotation omitted)), *aff'd sub nom. Lembach v. Bierman*, 528 F. App'x 297 (4th Cir. 2013) (emphasis added). Plaintiff's Amended Complaint sufficiently alleges that Defendants were not holders, *see* Am. Compl. ¶¶ 19–21, but not that Defendants knew, or were deliberately indifferent to, the fact that they did not possess the right to enforce the Note.

> Although Plaintiff[] take[s] issue with the method used by Defendants to attach signatures to foreclosure documents, the MCDCA allows for recovery against creditors that attempt to collect debts when there is no right to do so. It does not, as the Plaintiff[] appear[s] to contend, allow for recovery in errors or disputes in the process or procedure of collecting legitimate, undisputed debts.

*Sterling v. Ourisman Chevrolet of Bowie Inc.*, 943 F. Supp. 2d 577, 596 (D. Md. 2013); *see* Com. Law § 3-301 (providing avenues for holders, non-holders, persons not in possession, and wrongful possessors to enforce otherwise valid instruments). Therefore, Plaintiff's MCDCA claim must be dismissed because his allegations attack only the endorsements to the Note and do not challenge Defendants' underlying right to collect the debt.

### D. Maryland Consumer Protection Act (MCPA)

Plaintiff alleges violations of the MCPA by NYCB only. "A consumer bringing a private action under § 13-408 must allege (1) an unfair or deceptive practice or misrepresentation that is

---

[7] A Rule 12(b)(6) motion tests the sufficiency of the *complaint*. *Battlefield Builders, Inc. v. Swango*, 743 F.2d 1060, 1063 (4th Cir. 1984) (holding that plaintiff "cannot introduce new allegations or new facts" in opposition to a motion to dismiss). Therefore, to the extent the allegations and facts of Plaintiff's Opposition differ from the Amended Complaint, the Court must look to the sufficiency of the Amended Complaint.

13

(2) relied upon, and (3) causes them actual injury." *Stewart*, 859 F. Supp. 2d at 768 (citing *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 277 (Md. 2007)); *see also Bank of Am. v. Jill P. Mitchell Living Tr.*, 822 F. Supp. 2d 505, 532 (D. Md. 2011) ("Consumers must prove that they relied on the misrepresentation in question to prevail on a damages action under the MCPA." (citations omitted)).

In moving to dismiss, NYCB argues that Plaintiff failed to allege reliance, material impact, and harm.[8] NYCB's Mem. 6. In opposition, Plaintiff's only mention of the MCPA is in a two-sentence footnote where he argues that the existence of an MCDCA violation establishes an MCPA violation. Pl.'s NYCB Opp'n 6 n.6. Because Plaintiff's MCDCA claim must be dismissed, Plaintiff cannot rely on it to support his MCPA claim. However, even if the MCDCA claim were not dismissed, Plaintiff has failed to state a claim under the MCPA because Plaintiff's Amended Complaint shows that he opposed the requests for payment made by Defendants and therefore did not rely on Defendants' representations. *See Farwell v. Story*, No. DKC-10-1274, 2010 WL 4963008, at *8–9 (D. Md. Dec. 1, 2010) (dismissing MCPA claim because plaintiff failed to allege reliance); *Willis v. Countrywide Home Loans Serv.*, No. CCB-09-1455, 2009 WL 5206475, at *6 (D. Md. Dec. 23, 2009) (same).

### E. Dismissal with Prejudice

Defendants seek dismissal of the Amended Complaint with prejudice. *See* NYCB's Mem. 7; SBA's Mem. 18. "The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009) (quoting *Carter v. Norfolk Cmty. Hosp. Ass'n*,

---

[8] The parties do not raise, and so I do not decide, whether the Fed. R. Civ. P. 9(b) pleading standard applies to the MCPA claim and whether Plaintiff's Amended Complaint meets that standard. *See, e.g.*, *Sterling*, 943 F. Supp. 2d at 595.

761 F.2d 970, 974 (4th Cir. 1985) (internal quotation marks omitted)). Plaintiff twice has failed to meet the pleading standards, *see N. Carolina v. McGuirt*, 114 F. App'x 555, 559 (4th Cir. 2004) (considering whether the plaintiff has persisted in failing to comply with Rule 8(a)), and already was given an opportunity to amend. Future amendments would be futile because no additional facts could defeat a motion to dismiss Plaintiff's time-barred claims. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1139 (4th Cir. 1993) ("Appropriate reasons to prohibit further amendments of a complaint include . . . futility of amendment." (internal quotation marks omitted)). Therefore, Plaintiff's claims warrant dismissal with prejudice.

**IV.    CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Strike will be DENIED and both NYCB's Motion to Dismiss and SBA's Motion to Dismiss will be GRANTED. A separate order shall issue.

Dated: <u>February 20, 2014</u>                        /S/
                                                                                Paul W. Grimm
                                                                                United States District Judge

jwr