# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

|   |   |   |
|---|---|---|
| MALIK BEY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: PWG-13-1562 |
| SHAPIRO BROWN & ALT, LLP, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff filed this FDCPA action against the bank that attempted to collect on his defaulted mortgage and the bank's law firm retained to assist in the foreclosure. In addition to the FDCPA count, Plaintiff alleges violations of two Maryland consumer protection statutes. Importantly, Plaintiff does not (1) challenge that his mortgage is in default, (2) address the argument that Defendants are entitled to collect on his defaulted mortgage as non-holders of the note, or (3) plausibly challenge the true chain of title, which is made clear by the endorsements of the mortgage note provided by Defendants, as supplemented by public records. On February 20, 2014, I entered a Memorandum Opinion[1] and an Order dismissing Plaintiff's Amended Complaint with prejudice as time-barred under three different theories and, in the alternative, as failing to state a claim upon which relief can be granted. Plaintiff filed a Motion to Alter or Amend the dismissal order pursuant to Fed. R. Civ. P. 59(e) on the grounds that the

---

[1] *Bey v. Shapiro Brown & Alt, LLP*, ---- F. Supp. 2d ----, 2014 WL 661586 (D. Md. Feb. 20, 2014).

Memorandum Opinion contains clear errors of law.[2] Because Plaintiff has not stated a meritorious reason to alter the previous findings of the Court, his Motion will be DENIED.

Neither Rule 59(e), nor Local Rule 105.10 (providing the deadline for a motion for reconsideration), contains a standard for the application of Rule 59(e) and the Fourth Circuit has not identified such a standard. Other courts have, and their guidance is instructive. In the widely cited case of *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983), the court noted there are "circumstances when a motion to reconsider may perform a valuable function," but added that it was improper to use such a motion to "ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Id.* at 101. The court concluded:

> The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Id.* Other courts that have considered this issue are in accord. *See, e.g.*, *Redner's Markets, Inc. v. Joppatowne G.P. Ltd. P'ship*, No. RDB-11-1864, 2013 WL 5274356, at *7 (D. Md. Sept. 17, 2013); *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987) ("Courts have distilled various grounds for reconsideration of prior rulings into three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice."); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990); *Shields v. Shetler*, 120 F.R.D. 123, 125–26 (D. Colo. 1988) (recognizing the three customary reasons for granting a motion for

---

[2] The issues are presented adequately in Plaintiff's motion and it is unnecessary to wait for Defendants' response or to hold a hearing. *See* Loc. R. 105.6.

reconsideration, providing they are of a "strongly convincing" nature, and observing that a motion for reconsideration "is not a license for a losing party's attorney to get a second bite at the apple"); *United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997). The learned commentators agree. *See, e.g.*, Charles Alan Wright, et al., 18B *Fed. Prac. & Proc. Juris*. § 4478 (2d ed. 1981) (observing that permitting a motion for reconsideration for only limited grounds protects both the courts and the parties against the burden of repeat arguments by unyielding advocates).

The logic of these cases is apparent. When a party files a motion with the court, there is an obligation to ensure it is factually accurate, is supported by citation to legal authority, and raises all arguments that reasonably may be made through the exercise of due diligence. Once a court has issued its ruling, unless one of the specific grounds noted above can be shown, that should end the matter, at least until appeal. Were it otherwise, there would be no end to motions practice, each one becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention their patience. Hindsight being perfect, it requires no great skill for a party to construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its reasoning in a memorandum opinion. It is hard to imagine a less efficient means to expedite the resolution of cases than to allow the parties unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it or a new disagreement with the findings of the court. In the relatively rare instances when there has been an intervening change in the controlling law, or the court has made a clear error in its initial ruling, or new facts have surfaced, that could not have been discovered through the exercise of due diligence before the motion was filed, then a request for reconsideration can perform a valuable function, allowing

the court quickly to correct a clear error or injustice, and "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).

Having reviewed carefully Plaintiff's Motion and my Memorandum Opinion, I find that he has failed to make any of the showings necessary for me to reconsider my previous rulings. Although *pro se*, it is clear from the filings that Plaintiff either has legal training or is receiving assistance from someone with legal training. He evidences a sophisticated understanding of the law infrequently shown by self-represented litigants. Notwithstanding, his submission constitutes a classic example of seeking a "second bite at the apple," which, if allowed, would defeat the concept of judicial finality and would transform motions practice into a never-ending cycle of intra-court review. In Plaintiff's Motion, he proceeds section by section through the Memorandum Opinion stating his disagreement with each conclusion. Plaintiff is entitled to disagree with the result reached by this Court, but the proper venue to voice "mere disagreement" is with the United States Court of Appeals for the Fourth Circuit. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) ("Mere disagreement does not support a Rule 59(e) motion."). At the Rule 59(e) stage, Plaintiff's motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). None of those grounds are present in this case.

For the reasons explained above, Plaintiff's Rule 59(e) Motion will be DENIED by separate order.

Dated: <u>March 21, 2014</u>　　　　　　　　　　　　　　　　<u>　　　　　/S/　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　　Paul W. Grimm
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

jwr